```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| EVELYN JODY STARK,<br><br>                    Plaintiff,<br><br>         -against-<br><br>MATTHEW COOPER,<br><br>                    Defendant. | 19-CV-7439 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal jurisdiction under 28 U.S.C. § 1331. She asserts that Justice Matthew Cooper violated her rights in divorce proceedings in the New York State Supreme Court, New York County. By order dated September 13, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff sues Justice Matthew Cooper who is presiding over her divorce proceeding in state court. She asserts that for nine years, she has been "held hostage and entrapped." (ECF No. 2, 5.) Plaintiff claims that Defendant has denied her due process, enforcement of certain orders, discovery, and the privilege of being protected by the Constitution and other federal laws. She asserts that Defendant has unlawfully delayed her divorce proceedings and allowed her spouse to hide his assets. Plaintiff describes her feelings of entrapment, and claims that because she has a traumatic brain injury from a car accident that Defendant's actions also violate her rights under Title II of the Americans with Disabilities Act (ADA). She further alleges that Defendant has a conflict of interest, has misinterpreted the law, and has "forced manipulated Refere [sic] trial." (*Id*. at 6.) Plaintiff asserts that Defendant's conduct in the state-court action constitute "fraud and abuse," deception, treason, and criminal misrepresentation. She seeks monetary compensation.

**DISCUSSION**

Because Plaintiff brings this action against Justice Cooper asserting that he repeatedly violated her rights under the Constitution and federal law, her claims are construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's § 1983 claims against Justice Cooper must be dismissed because judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or

related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff brings this action against Justice Cooper challenging his decisions in the divorce proceedings. Because the actions Plaintiff complains of are plainly judicial in nature, Justice Cooper is entitled to absolute immunity.[1]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

---

[1] Plaintiff, who suffers from a traumatic brain injury, previously filed a complaint alleging that Justice Cooper denied her accommodation in the divorce proceedings in violation of Title II of the ADA. *See Stark-Katz v. Cooper*, ECF 1:18-CV-0120, 1 (S.D.N.Y. Feb. 16, 2019). On February 16, 2018, the Court memo-endorsed Plaintiff's letter withdrawing the complaint and apologizing for "mistakenly believ[ing]" that she had standing to bring a claim under the ADA. *See* ECF 1:18-CV-0120, 9.

.

3

under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge